UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BUILDING SERVICE 32BJ HEALTH FUND
BUILDING SERVICE 32BJ LEGAL SERVICES FUND,

        Plaintiff,

-against-

NEW ENGLAND CLEANING SERVICES, INC.,

        Defendant.

Civil Action No. 19-cv-7548

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER
FOR CONFIDENTIAL INFORMATION**

      Pursuant to Federal Rule of Civil Procedure 26 and Federal Rules of Evidence 502(d) and (e), plaintiff Building Service 32BJ Health Fund, Building Service 32BJ Legal Services Fund ("Plaintiff" or the "Funds") and defendant New England Cleaning Services, Inc. ("Defendant") by and through their respective attorneys, Raab Sturm & Ganchrow LLP and Foley Hoag LLP, all of whom are named parties to this action (the "Lawsuit"), hereby stipulate and agree that:

      1.     The undersigned parties recognize that certain proprietary and/or confidential business, personal, or financial information will be disclosed by Defendant (the "Producing Party") in connection with the audit referenced in the Complaint to this Lawsuit (the "Audit). Therefore, the undersigned parties hereby stipulate and agree that such "Confidential Information" (as hereinafter defined) may be identified by the parties and disclosed only under the terms and conditions set forth herein. The undersigned parties further stipulate and agree that this Stipulation and Order is intended to expedite and simplify the exchange of information, and that the proprietary or confidential nature of any document shall not constitute grounds for withholding such document, although such document may be designated as "Confidential" hereunder.

1

2. As used herein, "Confidential Information" is defined as follows:

   (a) A list of all locations designated by Defendant as non-Union (specifically, the Service Employees International Union, Local 32BJ), where Defendant employed employees during the Audit time period.

   (b) Defendant's general ledger/cash disbursements journal for the Audit time period.

3. Confidential Information may be disclosed without the consent of the Producing Party or an Order of the Court, only as follows:

   (a) To the undersigned parties' attorneys of record in the Lawsuit, including persons regularly employed by or associated with such attorneys, such as administrative assistants and paralegals, who are assisting in this Lawsuit.

   (b) To the employees of the auditing firm, Schultheis & Panettieri, LLP (the "Auditing Firm"), engaged by Plaintiffs, who are conducting the Audit identified in the Complaint in this Lawsuit.

   (c) Subject to the requirements of paragraphs 6 and 8 *infra*, to employees of the Funds for the purpose of assisting the Auditing Firm in conducting its procedures or the Funds' counsel as part of the Lawsuit.

4. Except as otherwise set forth herein, Confidential Information shall under no circumstances be disclosed to any person or entity other than those specifically identified in paragraph 3.

5. Confidential Information may be disclosed only for the purpose of this

Lawsuit, or for the purposes of conducting the Audit.

6.  Confidential Information shall at all times during the Audit process be maintained in the utmost confidentiality, and upon conclusion of this Lawsuit, shall be destroyed or returned to the Producing Party or third party (along with all copies, excerpts or summaries thereof or therefrom) upon request by that Producing Party or third party. Nothing in this paragraph, however, shall preclude counsel from retaining pleadings, transcripts, exhibits, responses, notes and memoranda, and other material archived as part of their case and client files. Further, nothing in this paragraph shall preclude the Auditing Firm from retaining any documentation needed to evidence any audit findings found as a result of the Audit. Furthermore, nothing in this agreement or paragraph shall preclude the Auditing Firm from disclosing any audit findings to the parties or their attorneys of record.

7.  Confidential Information (regardless of how it is communicated) or other material that refers, reflects or otherwise discusses Confidential Information, shall not be used, directly or indirectly, by any person, for any purpose whatsoever other than for conducting the Audit and this Lawsuit.

8.  If the Auditing Firm desires to disclose Confidential Information to an employee of the Funds, as set forth in paragraph 3 *supra*, it shall make said request to the Funds' counsel and thereafter, the parties' counsel shall meet and confer (by telephone or otherwise) to attempt to resolve the request. Any resolution shall be set forth in writing, including by email, and acknowledged by counsel for both parties.

9.  Nothing herein shall be deemed to restrict in any way any party or its attorneys with respect to its own documents.

10. No party or third party shall make or permit the making of more copies of any

Confidential Information than are reasonably necessary for the conduct of the Audit.

11. In the event anyone covered or bound by this Stipulation and Order (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he, she or it is a party, or (c) is served with any other legal process by one not a party to this litigation, seeking Confidential Information that person or party shall give prompt written notice of such to the Producing Party. The person or party subpoenaed or served with demand or other process shall be obligated to cooperate with the Producing Party to the extent necessary for the Producing Party to preserve the confidentiality of the Confidential Information. Should the person seeking access to the Confidential Information take action against anyone covered or bound by this Stipulation and Order to enforce such a subpoena, demand or other legal process, the responding party shall in his or her response set forth the existence of this Stipulation and Order. Nothing herein shall be construed as requiring the responding party or anyone else covered or bound by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Information or to subject itself to any penalties for noncompliance with any legal process or order.

12. Nothing in this Stipulation and Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to the Lawsuit and, in the course thereof, from generally referring to or relying upon his or her examination of Confidential Information.

13. The Stipulation and Order shall survive the final conclusion of the Lawsuit and shall continue in full force and effect.

DATED: December 9, 2019

Respectfully submitted,

By: */s/ Samuel R. Bloom*
    Samuel R. Bloom (SB1988)
    Raab Sturm & Ganchrow LLP
    2125 Center Avenue
    Suite 100
    Fort Lee, New Jersey
    Tel: 201-292-0150

    *Attorney for Plaintiff*

By: */s/ Leah S. Rizkallah*
    Leah S. Rizkallah, Esq. (5513122)
    Foley Hoag LLP
    155 Seaport Boulevard
    Boston, MA 02210-2600
    Tel: (617) 832-1000
    lrizkallah@foleyhoag.com

    *Attorney for Defendant*

So Ordered this 11th day of December, 2019:

*[signature: Vernon Broderick]*

Vernon S. Broderick
United States District Judge

B5073674.1